IRELAND IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 2:20-cr-20090-MSN |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | 18 USC § 1038(a)(1) |
| SHANE SONDERMAN, | ) | 18 USC § 844(e) |
| | ) | 18 USC § 875 (b) & (c) |
| Defendant. | ) | 18 USC § 371 |
| | ) | 18 USC § 2 |

# INDICTMENT

**THE GRAND JURY CHARGES:**

## COUNT 1

### Conspiracy – 18 U.S.C. § 371

Introduction

At all times relevant to this indictment:

1. The defendant, **Shane Sonderman** was a resident of Lauderdale County in the Western District of Tennessee.

2. C.B. was a citizen and resident of the United Kingdom.

3. K.G. was a resident of Oregon.

4. K.G.'s parents resided in the Northern District of Ohio.

5. Facebook was a company headquartered in California, and the owner of Instagram.

6. Discord is a social media platform headquartered in California.

7. "Swatting" is a harassment technique that involves deceiving emergency service dispatchers into sending police and emergency response teams to an unwitting third party's residential address when no actual emergency exists. Municipalities and law

enforcement agencies incur expenses in responding to the purported emergency.

## Objects of the Conspiracy

8. Beginning on or about a time unknown to the grand jury, but before December 2019 and continuing to on or about May 4, 2020, in the Western District of Tennessee and elsewhere, the defendant, **Shane Sonderman**, did knowingly and voluntarily conspire and agree with others to commit multiple offenses against the United States, namely,

   a.) to engage in any conduct with intent to convey false and misleading information under circumstances where such information may have been believed, and where such information indicates that an activity has taken, is taking, or will take place that would constitute a violation of Title 18, United States Code, chapters 40, related to explosive materials, and 44, related to firearms, in violation of Title 18, United States Code, Section 1038(a)(1)(A);

   b.) to, with intent to extort from any person any money or thing of value, transmit in interstate and foreign commerce any communication containing any threat to kidnap any person or injure the person of another, in violation of Title 18, United States Code, Section 875(b);

   c.) to transmit in interstate and foreign commerce any communication containing any threat to kidnap any person or injure the person of another, in violation of Title 18, United States Code, Section 875(c);

   d.) to use an instrument of interstate and foreign commerce to willfully make any threat, or maliciously convey false information knowing the same to be false, concerning an attempt or alleged attempt being made

or to be made to kill, injure, or intimidate any individual or to unlawfully damage or destroy any building, vehicle, or real or personal property by fire or an explosive, in violation of Title 18, United States Code, Section 844(e); and

e.) to convey false and misleading information about an emergency situation that would cause armed law enforcement officers and firefighters to respond to non-existent emergencies at the homes of unsuspecting individuals in order to harass and extort something of value from those individuals.

All in violation of Title 18, United States Code, Section 371.

## Manner and Means of the Conspiracy

The ways, manner, and means by which the defendant and others sought to achieve the objects of the conspiracy included, but were not limited to, the following:

9. Defendant **Sonderman** established "fake" accounts on social media platforms to use in conducting surveillance and to find users with simple, catchy, interesting, and descriptive user names that other social media users might desire to have.

10. Defendant **Sonderman** and his coconspirators would identify high-value user account names, or "handles," that could likely be sold to willing buyers on the internet, on Instagram, Snapchat, Minecraft, Twitter, and other social media platforms.

11. Defendant **Sonderman** and his coconspirators would communicate with the person who was assigned a high-value handle to see whether the person would voluntarily surrender the account name to one of the coconspirators.

12. When an account owner gave up an account handle, **Sonderman** and his

3

coconspirators would change the password to the account so that the original owner could no longer control it, and put the handle up for sale on one of several internet forums.

13. If the owner of a high-value handle refused to surrender it, defendant **Sonderman** and his coconspirators would bombard the owner with repeated phone calls and text messages in a campaign of harassment designed to get the owner to change his/her position.

14. Defendant **Sonderman** and his coconspirators would obtain personal information about the owner of the sought-after handle, including the names, addresses, and phone numbers of their family members.

15. As part of the harassment campaign, defendant **Sonderman** and his coconspirators would cause deliveries of unordered food to the owner of the handle and/or his/her family members.

16. As part of the harassment campaign, defendant **Sonderman** would obtain temporary phone numbers and change them frequently, so that their calls and messages could not be consistently blocked.

17. As part of the harassment campaign, defendant **Sonderman** obtained inexpensive phones to use in harassment campaigns to obtain social media handles.

18. As part of the harassment campaign, defendant **Sonderman** and his coconspirators would use a series of temporary email accounts, in part, to obfuscate their identities and locations.

19. As part of the harassment campaign, defendant **Sonderman** and his coconspirators would place calls to emergency service dispatchers or 911 dispatchers, claiming that an emergency was in progress at the residence of the owner of the desired

4

Instagram handle or at the residence of a member of the owner's family.

20. As part of the harassment campaign, defendant **Sonderman** and his coconspirators would open email accounts and phone accounts for one another, so that the internet protocol (IP) address used to create the account could not be traced back to the location of the actual user of the account.

## Overt Acts

21. In furtherance of the conspiracy and to accomplish the objectives of the conspiracy, the defendant, **Shane Sonderman**, and others committed various overt acts within the Western District of Tennessee and elsewhere, including, but not limited to, the following:

    a. From in or about December 2019 through April 2020, **Sonderman** or a coconspirator made repeated phone calls to K.G., asking her to give up her Instagram account identifier or "handle."

    b. From in or about December 2019, through April 2020, **Sonderman** or a coconspirator sent repeated messages to K.G., trying to get her to give up her Instagram handle.

    c. From in or about December 2019 through April 2020, **Sonderman** or a coconspirator caused the delivery of food that had not been ordered or paid for to the parents of K.G. in Ohio.

    d. On or about April 13, 2020, a coconspirator committed a "swat," as described above, reporting a house fire at the Stow, Ohio, residence of the parents of the individual identified herein by the initials K.G.

    e. On or about April 14, 2020, **Sonderman** or a coconspirator sent a message to K.G. that read, "did your parent's (sic) enjoy the firetrucks ?"

5

f. On or about December 21, 2019, **Sonderman** or a coconspirator sent the message "do you and your family want more food? Just give the account if you don't respond in 30 minutes the food is coming either way so ignore if you choose" to K.G. from the TextNow number ending in -0629 approximately nine times in five minutes.

g. On or about December 21, 2019, **Sonderman** or a coconspirator sent the message "text me here when you want it to stop" from the TextNow number ending in -0629 approximately nine times in five minutes.

h. On or about March 7, 2020, **Sonderman** or a coconspirator sent the message "…gonna need the instagram account…or i will continue to swat and harass you and your family."

i. On or about April 14, 2020, **Sonderman** or a coconspirator sent the message "did your parent's (sic) enjoy the firetrucks ?" followed by "i plan on killing your parents next if you do not hand the username on instrgam (sic) over to me" from the TextNow number ending in -5265.

j. On or about April 14, 2020, **Sonderman** or a coconspirator sent the message "Hey. tell your son/daughter [K.G.] to give me the Instagram handle [redacted] and all the harassment to you and your wife will stop."

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

On or about April 28, 2020, in the Western District of Tennessee and elsewhere, the defendant,

**SHANE SONDERMAN**

engaged in conduct with intent to convey false or misleading information under

circumstances where such information may reasonably be believed, and where such information indicates that an activity has taken, is taking, or will take place that would constitute a violation of Title 18 United States Code, chapter 40 (explosive materials), to wit, the use of pipe bombs to injure and kill a person and destroy real and personal property; or chapter 44 (firearms), to wit, use or possession of a firearm during a crime of violence; all in violation of Title 18, United States Code, Section 1038(a), and Section 2.

## COUNT 3

On or about April 13, 2020, in the Western District of Tennessee and elsewhere, the defendant,

### SHANE SONDERMAN

with intent to extort from any person money or any thing of value, specifically, an Instagram account name, knowingly and willfully transmitted in interstate and foreign commerce a communication containing a threat to kidnap any person or injure the person of another, namely, the parents of K.G., the owner of the Instagram account name; said communication was transmitted with the intent that it be viewed as a threat and with the knowledge that the communication would be viewed as a threat; all in violation of Title 18, United States Code, Section 875(b), and Section 2.

## COUNT 4

On or about April 13, 2020, in the Western District of Tennessee and elsewhere, the defendant,

**SHANE SONDERMAN**

knowingly and willfully transmitted in interstate and foreign commerce a communication containing a threat to kidnap any person or injure the person of another, namely, the parents of K.G., the owner of the Instagram account name; said communication was transmitted with the intent that it be viewed as a threat and with the knowledge that the communication would be viewed as a threat; all in violation of Title 18, United States Code, Section 875(c), and Section 2

A TRUE BILL:

_____
FOREPERSON

_____
**D. MICHAEL DUNAVANT**
**UNITED STATES ATTORNEY**

_____
**DATE**