IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| vs. | No.  2:20-cr-20090-MSN |
| SHANE SONDERMAN, | * |
| Defendant. | * |

## PLEA AGREEMENT

(1)  I, Shane Sonderman, have been charged by indictment of violating:

- Title 18, United States Code, Section 371, Conspiracy to commit offenses under Title 18, United States Code, Sections 1038(a), 844(e), and 875(b) and (c), one (1) felony count. The maximum penalty for a violation of this Section, as charged, is a fine of not more than $250,000, and not more than five (5) years' imprisonment, plus a period of supervised release of not more than three (3) years.
- Title 18, United States Code, Sections 1038(a) and 2, False Information and Hoaxes, one (1) felony count. The maximum penalty for a violation of this Section, as charged, is a fine of not more than $250,000 and not more than five (5) years' imprisonment, plus a period of supervised release of not more than two (2) years.
- Title 18, United States Code, Sections 875(b) and 2, Interstate Communications to Extort, one (1) felony count. The maximum penalty for a violation of this Section, as charged, is a fine of not more than $250,000, not more than twenty (20) years' imprisonment, plus a period of supervised release of not more than three (3) years.
- Title 18, United States Code, Sections 875(c) and 2, Interstate Communications Threat, one (1) felony count. The maximum penalty for a violation of this Section, as charged, is a fine of not more than $250,000, and not more than five (5) years' imprisonment, plus a period of supervised release of not more than three (3) years.

Fees may be imposed to pay for incarceration or supervised release. There is a $100 special assessment per felony count of conviction.

1

Sonderman, Shane, plea agreement, ctd.

(2) My attorney, Bryan Huffman, who has been retained for my defense, has informed me of the nature of these criminal charges and the elements of each charge, each of which must be proved by the government beyond a reasonable doubt before I could be found guilty as charged.

(3) I further understand that the United States Attorney for the Western District of Tennessee and my defense counsel have entered into a plea negotiation of which I am fully aware and understand. This agreement is the result of that negotiation.

(4) By voluntarily pleading guilty, I knowingly waive and give up my constitutional right to plead not guilty, to compel the government to prove my guilt beyond a reasonable doubt, to not be compelled to incriminate myself, to confront and cross-examine the witnesses against me, to have a jury or judge determine my guilt on the evidence presented, and other constitutional rights which apply to a defendant on trial in a criminal case.

(5) I am pleading guilty to the charge described herein because I am guilty and because it is in my best interest to do so, and not because of any threats or promises. There has been no representation made whatsoever by any agent or employee of the United States to me as to what the final disposition of this matter should or will be. I understand that the matter of sentencing is within the sole discretion of the Court. I have discussed sentencing with my attorney.

**I understand the plea agreement in this case to be as follows:**

(6) I will enter a plea of guilty to Count 1 of the above-referenced indictment, conspiracy to commit offenses under 18 U.S.C. §§ 1038(a), 844(e), and 875(b) and (c). In exchange, at sentencing and following my full compliance with this agreement, the United States agrees to dismiss Counts 2 through 4 of the indictment. I agree that because the counts to be dismissed will be considered to be relevant conduct and in part give rise to this plea agreement, for the purpose of restitution, the Court may consider losses caused from those dismissed counts.

(7) I understand the United States agrees to recommend that the Court set any term of incarceration at the low end of the advisory sentencing guideline range as determined by the Court. I further understand that this is only a recommendation and that the Court is not bound by such recommendation. If the Court does not agree to such recommendation, I understand that such event does not constitute a basis for subsequent withdrawal of my plea of guilty to the charge herein.

(8) I understand that statements I have made under oath to this Court in connection with the disposition of this matter can be used as evidence against me in future proceedings, if any, and I agree that Federal Rule of Evidence 410 shall not preclude the admission of my statements.

(9) I understand that, given the facts in the possession of the United States at the time

Sonderman, Shane, plea agreement, ctd.

of the writing of this agreement, the United States does not oppose my receiving full credit for acceptance of responsibility pursuant to U.S.S.G. Section 3E1.1, and at sentencing will move for the third point of acceptance. I understand that if the United States receives information between the signing of this agreement and the time of the sentencing that I have previously engaged in, or if I engage in the future, in conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing, this position could change. Further, I understand that whether or not acceptance of responsibility credit pursuant to Section 3E1.1 is granted is a matter to be determined by the Court. Failure of the Court to grant acceptance of responsibility credit is not a basis for me to withdraw my guilty plea.

(10) I understand that Title 18, United States Code, Section 3742 gives me the right to appeal my sentence. Acknowledging this, I knowingly and voluntarily waive my right to appeal my sentence, including any term of supervised release, imposed by the Court and the manner in which the sentence is determined so long as my sentence is not greater than the statutory maximum specified above. This waiver is made in exchange for the concessions made by the United States in this plea agreement.

(11) I understand that Title 28, United States Code, Section 2255 provides an additional method by which to challenge the sentence imposed by the Court. Acknowledging this, I knowingly and voluntarily waive my rights to file an action pursuant to Section 2255 with one exception: I retain my right to file any claim for ineffective assistance of counsel or prosecutorial misconduct.

(12) I understand that persons convicted of crimes are required to pay a mandatory assessment of $100 per felony count of conviction. I agree that payment of this assessment, in full, is a condition of this agreement.

(13) I understand that this agreement does not apply to any crimes that I may have committed (other than those specifically set forth herein), or that I may commit hereafter, including perjury.

(14) I understand that the prosecution will be free to fully describe the nature of these offenses and the evidence in this case.

(15) I willingly stipulate that there is a sufficient factual basis to support each and every material factual allegation contained within the count of the information to which I am pleading guilty.

(16) I understand that a thorough presentence investigation will be conducted and sentencing recommendations independent of the United States Attorney's Office will be made by the preparer of the presentence report, which the Court may adopt or take into consideration.

Sonderman, Shane, plea agreement, ctd.

(17)  I understand that the United States and my attorney are in agreement that Section 2B3.2 of the United States Sentencing Commission Guidelines (U.S.S.G.) Manual is the appropriate section to use in calculating my advisory guideline sentence. I also understand that the United States and my attorney are in agreement about the following sentencing guidelines calculations, but that these joint recommendations do not bind the Court.

> (a) Pursuant to U.S.S.G. § 2B3.2(b)(1), the offense involved an implied threat of death or bodily injury.
>
> (b) Pursuant to U.S.S.G. § 2B3.2(b)(2), the loss or amount demanded of the victim of the offense did not exceed a value of $20,000.
>
> (c) Pursuant to U.S.S.G. § 2X1.1, there should be no reduction in offense level because all acts necessary to complete the offense were taken.

(18)  I understand that the United States intends to seek a six-point increase in my offense level pursuant to U.S.S.G. § 2B3.2(b)(4)(C), taking the position that a death resulted or was a foreseeable consequence of the event to which I am pleading guilty. My attorney will be able to argue at sentencing that no enhancement should be applied under this section.

(19)  I understand that if I am not a United States citizen, pleading guilty may have consequences with respect to my immigration status. Under federal law, a broad range of crimes are removable offenses. Indeed, when a defendant pleads guilty to certain crimes, removal is presumptively mandatory or even automatic. Removal and other immigration consequences, such as denial of citizenship or denial of admission to the United States, are the subject of a separate proceeding, however, and I understand that no one, including my attorney or the district court, can predict to a certainty the effect of my conviction may have on my immigration status. I have discussed the immigration consequences of this guilty plea with my defense attorney. I wish to plead guilty regardless of any immigration consequences that this guilty plea will entail, even if the consequence is automatic removal from the United States.

(20)  I have not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for my plea of guilty. I understand that I will have an opportunity to personally address the Court prior to sentence being imposed.

(21)  I can read and write, and I have read and discussed the terms of the foregoing plea agreement with my attorney, Bryan Huffman, and am satisfied with my attorney and his advice and counsel. Being aware of all of the possible consequences of my plea, I have independently decided to enter this plea of my own free will, and am affirming that agreement on the date and by my signature below.

4

Sonderman, Shane, plea agreement, ctd.

<u>3-22-2021</u>  <u>*Shane Sonderman*</u>
DATE SIGNED  SHANE SONDERMAN
Defendant

<u>3/22/2020</u>  <u>*Bryan Huffman*</u>
DATE SIGNED  BRYAN HUFFMAN
Attorney for Shane Sonderman

<u>3/22/2021</u>  <u>*Debra L. Ireland*</u>
DATE SIGNED  DEBRA L. IRELAND
Assistant United States Attorney
U.S. Attorney's Office

5