# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**SHANE SONDERMAN**<br><br>Defendant. | No. 2:20-CR-20090-MSN |

## DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW Shane Sonderman, Defendant, by and through counsel Huffman Mason, PLLC, pursuant to LCrR 32.1(d) and submits the following sentencing memorandum.

Defendant pled guilty to one count of Conspiracy to Commit Offenses Under Title 18, United States Code, Sections 1038(a), 844(e), and 875(b), in violation of 18 U.S.C. § 371 on March 22, 2021. Factors that a court is allowed to consider during sentencing include the nature and circumstances of the offense, the need for the sentence imposed, and the deterrence factor needed. 18 U.S.C. § 3553. The Presentence Report ("PSR") filed in this matter lays out Defendant's history, physical and mental health issues, as well as his turbulent childhood. (*See* D.E. 55). Nothing set forth in this memorandum should be seen as minimizing Mr. Sonderman's conduct or the consequences therefrom, however this should be considered by the Court in crafting an appropriate sentence.

Defendant Shane Sonderman is twenty years of age.  He is at the beginning of his young life, and unfortunately finds himself in a situation of his own making through youth and inexperience.  Being at the beginning of life, Mr. Sonderman does not have a history with the criminal justice system, and as noted in the PSR, the instant conviction stems from conduct in which Mr. Sonderman engaged beginning when he was a juvenile.  Mr. Sonderman was not raised in a stable environment, although his parents were loving and did the best they could under the circumstances.  Although his relationship with his father was not the best, he did have a loving relationship with him.  Tragically, two weeks after Mr. Sonderman's eighteenth birthday, his father committed suicide, an event which traumatized Mr. Sonderman, and such trauma continues to this day.  He has a family history of severe mental illness as outlined in the PSR, and with which Mr. Sonderman struggles as well. (*See* D.E. 55, ¶¶57, 69-75).  Any sentence fixed by the Court should include services for Mr. Sonderman so that he will be able to move forward appropriately.

**Offense Level Computation**

| | |
|---|---|
| **Base Offense Level:** The guideline for a violation of 18 U.S.C. § 371 is USSG §2X1.1. USSG §2B3.2-Extortion by Force or Threat of Injury or Serious Damage, which has a base offense level of 18, is utilized to determine the offense level. USSG §§2X1.1(a) and 2B3.2(a). | **18** |
| **Specific Offense Characteristics:** Pursuant to USSG §2B3.2(b)(1), if the offense involved an express or implied threat of death, bodily injury, or kidnapping, increase by 2 levels. In this case, multiple threats of death were made. | **+2** |

| | |
|---|---|
| **Specific Offense Characteristics:** Pursuant to USSG §2B3.2(b)(4)(C), if any victim sustained permanent or life-threatening bodily injury, increase by 6 levels. In this case, the government asserts a death resulted as a consequence of the instant offense. However, the death was the result of a heart attack, not from any use of force by Mr. Sonderman or the other conspirators. Further, Mr. Sonderman was not the individual who initiated the phone call, resulting in the law enforcement response. | 0 |
| **Victim Related Adjustment:** None. | 0 |
| **Adjustment for Role in the Offense:** None. | 0 |
| **Adjustment for Obstruction of Justice:** None. | 0 |
| **Chapter Four Enhancement:** Mr. Sonderman does not have a criminal history. | 0 |
| **Acceptance of Responsibility:** Under U.S.S.G. §3E1.1, Mr. Sonderman accepted his responsibility for his conduct. He voluntarily entered into a guilty plea within months of being indicted, assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. The PSR states Mr. Sonderman did not demonstrate acceptance of responsibility, however this completely ignores the fact Mr. Sonderman pled guilty, and provided substantial assistance to the government. | -3 |
| | |
| **Total Offense Level** | 17 |

With a total offense level of 17 and a Criminal History Category of I the U.S.S.G. Guideline Range is 24-30 months.  If the Court determines Mr. Sonderman does not qualify for the third point reduction for acceptance of responsibility, the total offense level of 18 results in a Guideline Range of 27-33 months.  Mr. Sonderman respectfully requests this court grant him the third point reduction and sentence him to the lower range.  Further, this Court has sentencing options available such as Community Confinement under U.S.S.G. §5F1.1 in which Mr. Sonderman can participate in extensive treatment to address his specific needs, enabling him to be rehabilitated into a productive member of our society.

WHEREFORE, premises considered, and for the foregoing reasons, Defendant Sonderman respectfully moves for consideration of the preceding points in determining his appropriate sentence.

                                    Respectfully submitted,
                                    SHANE SONDERMAN

By:   **/s/ *Bryan R. Huffman***
       Bryan R. Huffman, B.P.R. 030050
       AMRS Attorneys
       P.O. Box 944
       131 W. Liberty Ave.
       Covington, TN 38019
       (901) 726-3854
       (901) 726-3539 (Facsimile)
       bryan@huffmanfirm.com

## Certificate of Service

I, Bryan R. Huffman, hereby certify that on this 15th day of July 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide notification of such filing to the following:

Debra Lynn Ireland
UNITED STATES ATTORNEY'S OFFICE
167 N. Main St.
Suite 800

Memphis, TN 38103
901-544-4231
901-544-4230 (Facsimile)
deb.ireland@usdoj.gov

                                              /s/ **_Bryan R. Huffman_**