IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. <u>20-cr-20090-MSN</u> |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SHANE SONDERMAN, ) | |
| ) | |
| Defendant. ) | |

**FIRST SUPPLEMENTAL POSITION OF THE UNITED STATES AS TO PRESENTENCE REPORT**

Comes now the United States Attorney for the Western District of Tennessee by and through his duly authorized Assistant, and takes the following position regarding the presentence report prepared and filed in the above styled and numbered cause:

The defendant, in his sentencing memorandum, asserts that a six-point increase in his offense level score pursuant to U.S.S.G. § 2B3.2 should not be applied because the death of the victim who died during commission of the defendant's crime occurred neither by use of force nor as a direct result of the defendant's role in the conspiracy to which he pled guilty. But because use of force is not a prerequisite to application of the enhancement and because the defendant participated directly in the series of events that led to the victim's death, the six-level increase is warranted.

A. <u>The defendant's criminal conduct resulted in a victim's death</u>

The facts as set forth in the Presentence Report (PSR) are not being disputed. During his

change-of-plea hearing, the defendant admitted that he conspired with others to use the internet and telecommunications facilities to harass and extort people through "swatting"—a technique that involves deceiving emergency service personnel into sending police and SWAT teams to an unwitting third-party's residential address when no actual emergency exists. Law enforcement entities generally arrive prepared to address a life-and-death situation and ready to act accordingly. In the defendant's case, such calls were made to annoy, harass, and intimidate victims into giving up control of their social media account names (or "handles") so the defendant and his coconspirators could sell them online to the highest bidder. Handles have been known to go for as much as thousands of dollars. (Record Entry (RE) 58, PSR, PageID 188, para. 10.)

One call was made on April 27, 2020, in Sumner County, Tennessee. *Id*., para. 24. The caller, who had a British accent, said he was at a particular address, that he had shot a female in the back of a head and she was dead, and that he would use pipe bombs placed at the front and back doors if police responded. *Id*. The address given was that of Mark Herring, who controlled the Twitter handle @Tennessee. *Id*. Shortly before the call was placed, Herring's address and phone number were posted by Shane Sonderman, the defendant, on Discord. *Id*., para. 25. Emergency responders were dispatched, and when they arrived at Herring's home, guns drawn, they called for Herring to walk toward them, keeping his hands visible. *Id*. As he did so, Herring appeared to lose his balance and fell to the ground, unresponsive. *Id*. He was pronounced dead at a local hospital; cause of death was determined to be a heart attack. *Id*.

U.S. Sentencing Guideline § 2B3.2(b)(4), Extortion by Force *or* Threat of Serious Injury or Damage (note, force is not a required element) provides that "if any victim sustained bodily injury, increase the [offense] level according to the seriousness of the injury." Permanent or life-threatening bodily injury calls for a six-level upward adjustment. U.S.S.G.§ 2B3.2(b)(4)(C).

"Serious bodily injury" is defined as injury involving extreme physical pain or the protracted impairment of a bodily function, member, organ, or facility or one that requires medical intervention such as surgery, hospitalization, or physical rehabilitation. *Id*., com. n. 1; U.S.S.G. § 1B1.1, com. n. 1(K). Death can be considered the "protracted impairment" of a bodily function. Although "death" is not specifically mentioned in the application notes, it is instructive that § 2B3.2 contemplates the possibility that death might occur; under subsection (c), cross references, the guideline directs that if a victim of the extortion is perishes as a result of the offense, the guideline provision for murder or attempted murder should be used to calculate the offense level if either would result in a higher advisory guideline sentencing range.

Coordinated "swatting" attacks have come into being with the availability of high-speed internet and broadband connections, and as of now, there are no federal statutes that directly address the issue. But by analogizing to other criminal statutes that carry increased penalty if the offense results in death, it becomes clear that the guideline enhancement is appropriate in the instant case.

The Sixth Circuit recently considered causation in a case of arson that led to the death of a responding firefighter, who suffered a heart attack and perished while fighting the blaze. *United States v. Pritchard*, 964 F.3d 513 (6th Cir. 2020). The Court found the firefighter's death was the "direct and proximate result" of the arsonist's actions, despite the fact that the decedent had a history of cardiac disease. The Court explained that causation consists of two parts: actual cause, and legal cause. 964 F.3d at 519 (internal citations omitted). When a crime requires not only specified conduct but also a specified *result* of that conduct, a defendant's actions must be both the actual cause and the proximate or "legal" cause of the defined outcome. *Id*. Proximate cause in the Sixth Circuit permits liability even when a defendant's acts "were not the immediate cause of

the victim's death or injury" but the outcome is "foreseeable" and naturally results from the defendant's conduct. *Id*. at 520 (internal citations omitted). Ultimately, although other factors could have *contributed* to the firefighter's death, the Court noted "an unbroken chain of causation" between arson and the death and upheld the conviction. *Id*.

Notably, in *Pritchard*, the Court affirmed the jury's finding that the defendant's actions led to the firefighter's death *beyond a reasonable doubt*. In the instant case—which is determining whether a guideline provision applies—the standard is by a preponderance of the evidence. *United States v. West*, 962 F.3d 183, 187 (6th Cir. 2020) (internal citations omitted). The defendant was part of a chain of events. Had he not posted Mr. Herring's information, which led a juvenile half-way across the globe calling for emergency responses to a non-emergency. They arrived prepared to take on a life-and-death situation. Mr. Herring died of a heart attack at gunpoint. The enhancement applies.

B. <u>Return to criminal conduct while on bond negates acceptance of responsibility</u>

Ordinarily, truthful admission to wrongdoing entitles a defendant to a two-point reduction in offense level for acceptance of responsibility. U.S.S.G. § 3E1.1 cmt. n.3. Here, although the defendant entered a timely guilty plea and attempted to provide additional information to law enforcement, he ultimately returned to his own criminal course of conduct while awaiting sentencing. Post-plea conduct that is related to the offense of conviction can serve as grounds for denial of credit for accepting responsibility. *See United States v. Cadieux*, 846 Fed. App'x. 389 (6th Cir. 2021); *United States v. Walker*, 182 F.3d 485, 489-90 (6th Cir. 1999).

At the sentencing hearing, the United States will present testimony to demonstrate that the defendant has not voluntarily withdrawn from criminal conduct or associations, and the Court should consider withholding the initial two-level reduction.

Respectfully submitted,

JOSEPH C. MURPHY, JR.
Acting United States Attorney

By:   /s/ *Debra L. Ireland*
      Assistant United States Attorney

## CERTIFICATE OF SERVICE

I, Debra L. Ireland, Assistant United States Attorney, do hereby certify that a copy of the foregoing Motion was forwarded by electronic means, via the Court's Electronic Filing System, to Bryan Huffman, Esq., Attorney for Defendant.

This   18th   Day of July, 2021.

  /s/ *Debra L. Ireland*
Assistant United States Attorney