PROB 12C
(9/17)

# United States District Court
## for the
## Western District of Tennessee
## Petition for Warrant or Summons for Offender under Supervision

Name of Offender:  Shane Sonderman                                    Docket No. 2:20CR20090-01

Name of Sentencing Judicial Officer: The Honorable Mark S. Norris, U. S. District Court Judge

Case reassigned June 25, 2025: The Honorable John T. Fowlkes, Jr., U. S. District Court Judge

Case reassigned May 13, 2026: The Honorable Sheryl H. Lipman, Chief U. S. District Court Judge

Date of Original Sentence:  07/21/2021

Original Offense:  Conspiracy to Engage in Using the Internet to Make False Reports, Send Threatening and/or Harassing Messages, and Perpetuate Hoaxes, 18 U.S.C. § 371

Original Sentence:  Prison: 60 months   TSR: 3 years          Type of Supervision:  Supervised Release

Assistant U.S. Attorney: Hillary Lawler Parham               Date Supervision Commenced: 08/20/2024
                                                            Date Supervision Revoked: 08/28/2025
                                                            Date Supervision Recommenced: 01/15/2026

Defense Attorney:  Greg Gookin                              Date Supervision Expires:  08/19/2027

---

## PETITIONING THE COURT

☑ **To issue a warrant**
☐ **To issue a summons**
☐ **To grant an exception to revocation without a hearing**

The probation officer believes that Mr. Sonderman has violated the following condition(s) of supervision:

| Violation | Nature of Non-Compliance |
| --- | --- |
| | |

1.    **You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.**  On June 18, 2026, Mr. Sonderman left the Western District of Tennessee without the permission of the court or probation officer. According to a search warrant filed by the United States Attorney's Office, Mr. Sonderman traveled from Jackson, Tennessee to Dallas, Texas. Evidence in support of this violation is the search warrant filed under case number 26-sw-54.  This conduct constitutes a grade C violation of supervised release.

Prob 12C
Re: Shane Sonderman
2:20CR20090-01

2.      **You are ordered to participate in cybercrime management and will inform your officer of all computer devices possessed or accessible to you. This includes (a) desktop or laptop computers; (b) smartphones, smart watches, and tablets; (c) smart appliances/Internet of Things (IoT) devices, including hub or personal assistant devices; and (d) all network accessing devices, including internet-connectable gaming systems. You will also inform your officer of all your computer device, internet service provider (ISP), and social media user accounts (local and on-line services), both upon entering supervision and in the event that you create or receive additional user accounts. You will not acquire or access any new or additional computer devices or social media user accounts unless approved by your officer.**  On June 18, 2026, investigators requested and received a search warrant for Shane Sonderman's Snapchat account.   The return shows subscriber information to be Shane Sonderman with logins to the account as recently as June 4, 2026.  Mr. Sonderman has not notified the probation office of this social media account. No Snapchat accounts have been accessed on Mr. Sonderman's monitored smartphone. Evidence in support of this violation is the search warrant filed under case number 26-sw-54.  This conduct constitutes a grade C violation of supervised release.

3.      **You are ordered to participate in cybercrime management and will inform your officer of all computer devices possessed or accessible to you. This includes (a) desktop or laptop computers; (b) smartphones, smart watches, and tablets; (c) smart appliances/Internet of Things (IoT) devices, including hub or personal assistant devices; and (d) all network accessing devices, including internet-connectable gaming systems. You will also inform your officer of all your computer device, internet service provider (ISP), and social media user accounts (local and on-line services), both upon entering supervision and in the event that you create or receive additional user accounts. You will not acquire or access any new or additional computer devices or social media user accounts unless approved by your officer.**  On June 11, 2026, Mr. Sonderman used his grandmother's phone to attempt to contact Texas Deputy Sheriff James O'Malley.  He left a voicemail with his grandmother's phone number as the callback number rather than his monitored phone.  Federal Bureau of Investigation agents familiar with Mr. Sonderman's voice confirmed it was Mr. Sonderman on the voicemail.

On June 18, 2026, Mr. Sonderman was photographed holding a phone or other electronic device before entering the passenger seat of a vehicle and leaving his residence.  Mr. Sonderman did not access his monitored smartphone on June 18, 2026.  As such, Mr. Sonderman was in possession of an unreported and unmonitored phone or other electronic device. Evidence in support of this violation is the search warrant filed under case number 26-sw-54.  This conduct constitutes a grade C violation of supervised release.

4.      **You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.** On multiple dates in June 2026, Mr. Sonderman stayed at various unreported Airbnb rental properties. Mr. Sonderman failed to notify his probation officer of this change in living arrangements. Evidence in support of this violation is the search warrant filed under case number 26-sw-54.  This conduct constitutes a grade C violation of supervised release.

**Prob 12C**
**Re: Shane Sonderman**
**2:20CR20090-01**

U.S. Probation Officer Recommendation:
☑ The term of supervision should be
        ☑ Revoked.
        ☐ Extended for _ years, for a total term of _ years.
        ☐ Continued based upon the exception to revocation under 18 USC §3563(e) or 3583(d).
        ☐ The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   July 14, 2026

*s/Maggie Bible*

U.S. Probation Officer

Approved:

s/Anthony Longman              July 14, 2026

Supervising U.S. Probation Officer      Date

---

**THE COURT ORDERS:**

    ☐   No Action
    ☒   Issue of an arrest warrant
    ☐   Issue a Summons
    ☐   The Court finds the defendant can benefit from continued substance abuse treatment and grants an exception to revocation.  The supervision term of the defendant is continued under all original terms and conditions.
    ☐   Other

The signed Probation Form 12C (Petition for Action), as well as the warrant for arrest, is to be filed under seal in the Electronic Case File (ECF) system until such time as the warrant is executed.

s/ Sheryl H. Lipman

_____

Signature of Judicial Officer

Date: 7/14/2026

Prob 12C
Re: Shane Sonderman
2:20CR20090-01

VIOLATION WORKSHEET

1. Defendant:    Shane Sonderman
2. Docket Number (Year-Sequence-Defendant-    Defendant No.):  2:20CR20090-01
3.District/Office:   Western District of Tennessee (Memphis)
4. Original Sentence Date:        07/21/2021

*(if different than above):*
5. Original District/Office:
6. Original Docket Number (Year-Sequence-Defendant-Defendant No.):

7. List each violation and determine the applicable grade (see § 7B1.1(a)):

| Violations(s) | Grade |
|---|---|
| **You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.** | **C** |
| **You are ordered to participate in cybercrime management and will inform your officer of all computer devices possessed or accessible to you.** | **C** |
| **You are ordered to participate in cybercrime management and will inform your officer of all computer devices possessed or accessible to you.** | **C** |
| **You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72hours of becoming aware of a change or expected change.** | **C** |

8. Most Serious Grade of Violation (see § 7B1.1(b)):    **C**

9. Criminal History Category (see § 7B1.4(a)):    **I**

10. Range of Imprisonment (see § 7B1.4(a))    **3 – 9 Months**

*Being originally convicted of a D felony, the statutory maximum term of imprisonment is 24 months; 18 U.S.C. §§3583(e)(3) and 3584.

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

(**X**)    (a)  If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c) (1) provides sentencing options to imprisonment.

( )    (b)  If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c) (2) provides sentencing options to imprisonment.

( )    (c)  If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit**

**Prob 12C**
**Re: Shane Sonderman**
**2:20CR20090-01**

Defendant: <u>Shane Sonderman</u>    Docket No.: <u>2:20CR20090-01</u>

12.  Unsatisfied Conditions of Original Sentence

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (<u>see</u> §7B1.3(d)):

Restitution ($): _____    Community Confinement: _____
Fine ($): _____    Home Detention: _____
Other: _____    Intermittent Confinement: _____

13.  Supervised Release

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3(<u>see</u> §§7B1.3(g)(1)).

Term: _ to _ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from imprisonment

14.  Departure

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment

15.  Official Detention Adjustment (see §7B1.3(e)):    Months: _    Days:

**Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.**
**Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit**